UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ELIZABETH OHUCHE and AGNES OHUCHE,

                    Plaintiffs,

         -against-

                                **COMPLAINT**

THE CITY OF NEW YORK; POLICE OFFICER
TISJE INGRAM, AND POLICE OFFICERS
JOHN/JANE DOES, Nos. 1-3 (the names           **ECF Case**
and Jane Doe being fictitious, as the true names are
presently unknown),                              Civ.

                    Defendants.
------------------------------------------------------------------x

Plaintiffs ELIZABETH and AGNES OHUCHE, by their attorney, Stephen W. Edwards, Esq., hereby allege as follows:

## NATURE OF ACTION

1. Plaintiffs bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs also assert supplemental claims under New York law.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. The Court has jurisdiction over plaintiffs' federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. The Court has jurisdiction over plaintiffs' supplemental state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiffs' claims occurred in this district.

## JURY DEMAND

6. Plaintiffs demand trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiffs ELIZABETH and AGNES OHUCHE are residents of the City, County, and State of New York.

8. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

9. Defendant Tisje Ingram (Shield No. 16923) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.

10. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities.

11. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual

defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

12. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiffs from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiffs' injuries.

## FACTS AND CIRCUMSTANCES

13. On Thursday morning, July 31, 2014, at about 9:05 a.m., outside 23 East 127th Street, New York, NY, the defendant City and the individual defendants, acting in concert, caused harm to the plaintiffs in the form of physical injury, pain and discomfort, loss of the movement of their bodies and body parts, mental and emotional trauma, loss of the ability to enjoy life, and loss of liberty and freedom, for which the plaintiffs are entitled to damages

14. The defendant officers, acting without probable cause to believe that plaintiffs had committed any crime or offense, and failing recklessly and negligently to properly investigate and ascertain the facts, took bodily control of and arrested Elizabeth and Agnes Ohuche, used unnecessary force to arrest and transport them, and imprisoned them unnecessarily, failed to intervene to prevent the same, and unnecessarily and maliciously prosecuted them despite their innocence. Plaintiffs were not committing and had not committed any crime or offense.

15. In so doing, the defendants grabbed and held Elizabeth and Agnes Ohuche, used force against their arms and bodies, handcuffed them excessively tightly behind their backs, and forcibly compelled them to enter a police car, travel to a police station, searched them, fingerprinted them, brought them forcibly to a police station, processed their arrest, and failed to prevent other officers from doing the same.

16. As a direct and proximate result of the defendants' actions as aforesaid, the plaintiffs suffered physical injury, including but not limited to

a. nerve damage, stiffness and pain in Elizabeth Ohuche's arm, hand and finger

b. substantial pain to Elizabeth Ohuche

c. difficulty breathing

d. discomfort and loss of mobility to Elizabeth Ohuche's arm, hand, finger and body


a lacerations and abrasions to Agnes Ohuche's arms

b. substantial pain

c. discomfort and loss mobility to Agnes Ohuche


as well as the loss of their liberty, embarrassment, humiliation and emotional and mental trauma, and forced them to spend time and energy to combat the charges which were unlawfully lodged against them, which have since been dismissed.

17. As a further result of the acts, omissions and failures to act, the defendants prepared false and misleading police reports which they forwarded to the New York County District Attorney's Office ("District Attorney") and made false and misleading statements to the District Attorney.

18. As a result, the District Attorney initiated prosecution of the plaintiffs. Eventually the plaintiffs were arraigned in the Criminal Court of the City of New York, New York County ("Criminal Court") and charged with various counts of Assault and Harassment.

19. Plaintiffs pled not guilty because they were entirely innocent of all charges.

20. Over the next months, plaintiffs had to make court appearances to defend themselves against the false charges.

21. On December 10, 2014, all charges against plaintiffs were dismissed.

22. As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of their constitutional rights.

23. The above police misconduct occurred as a direct result of unconstitutional customs, policies, and practices of the City and the NYPD, including but not limited to: making unlawful stops and arrests; arresting innocent people to meet productivity goals or arrest quotas or for professional advancement, overtime compensation and other objectives outside the ends of justice; negligent failure to investigate; and fabricating evidence to justify a false arrest.

24. The existence of such unconstitutional customs, policies, and practices may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed against the City and NYPD police officers, as well as from notices of claims filed with the City's Office of Comptroller and complaints filed with the NYPD's Internal Affairs Bureau and the City's Civilian Complaint Review Board.

25. In denying the City's motion to dismiss a municipal liability claim in *Colon v. City of New York*, No. 09 Civ. 8 (JBW), 2009 WL 4263362 (E.D.N.Y. Nov. 25, 2009), the Honorable Jack B. Weinstein, United States District Judge, observed:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department, there is some evidence of an

attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Id.* at *2.

26. Seemingly acknowledging the problem, then New York City Police Commissioner Raymond E. Kelly stated in October 2009, "When it happens, it's not for personal gain. It's more for convenience." Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19.

27. Between 2005 and 2009, the NYPD refused to prosecute 40% of the cases referred by the Civilian Complaint Review Board ("CCRB") for prosecution. Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19. Moreover, only 25% of the cases found substantiated by the CCRB during that period resulted in NYPD discipline more severe than verbal instructions. *Id.*

28. The City has inadequately screened, hired, retained, trained, and supervised police officers, including those named as defendants herein, to respect the constitutional rights of individuals with whom they come in contact.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

29. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

30. Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiffs to be imprisoned without probable cause to believe that plaintiffs had committed any crime or offense, in violation of plaintiffs' right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

(Excessive Force Claim Under 42 U.S.C. § 1983)

31. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

32. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiffs, in violation of plaintiffs' right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### THIRD CLAIM FOR RELIEF

(Malicious Prosecution Claim Under 42 U.S.C. § 1983 )

33. Plaintiffs repeat and reallege paragraphs "1" through "41" with the same force and effect as if they were fully set forth herein.

34. Defendants, acting in concert and within the scope of their authority, caused plaintiffs to be prosecuted reclklessly, negligently and with malice and without probable cause -- a prosecution that terminated in plaintiffs' favor -- in violation of plaintiffs' right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF

(Violation-of-Right-to-Fair-Trial Claim under 42 U.S.C. § 1983)

35. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

36. Defendants fabricated false evidence against plaintiffs and used that evidence against plaintiffs in legal proceedings, in violation of plaintiffs' right to a fair trial under the Fourteenth Amendment to the United States Constitution.

### FIFTH CLAIM FOR RELIEF

(Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

37. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

38. Each individual defendant had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

39. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

40. Defendants, singly and collectively, acting under color of state law, engaged in conduct that constituted customs, policies, and practices forbidden by the United States Constitution, including, but not limited to: making unlawful stops and arrests; arresting innocent people in order to meet productivity goals or arrest quotas or for professional advancement, overtime compensation, and other objectives outside the ends of justice; and fabricating evidence to justify a false arrest.

41. The City and the NYPD have inadequately screened, hired, retained, trained and supervised police officers.

42. The foregoing customs, policies, and practices constituted deliberate indifference to plaintiffs' safety, well-being, and constitutional rights.

43. The foregoing customs, policies, and practices were the direct and proximate cause of the constitutional violations suffered by plaintiffs.

44. The foregoing customs, policies, and practices were the moving force behind the constitutional violations suffered by plaintiffs.

45. The foregoing customs, policies, and practices deprived plaintiffs of the right to be free from unreasonable seizure, in violation of plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

### Supplemental State Law Claims

46. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

47. Within ninety (90) days after the claims herein arose, plaintiffs duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

48. More than thirty (30) days have elapsed since the presentation of plaintiffs' claims to the City. The City has wholly neglected or refused to make an adjustment or payment thereof.

49. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

50. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

### SEVENTH CLAIM FOR RELIEF

### (False Arrest Under New York Law)

51. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

52. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiffs to be imprisoned without probable cause to believe that plaintiffs had committed any crime or offense, and without any warrant or authority to do so.

### EIGHTH CLAIM FOR RELIEF

### (Assault Under New York Law)

53. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

54. Defendants, acting in concert and within the scope of their authority, placed plaintiffs in apprehension of imminent harmful and offensive bodily contact.

## NINTH CLAIM FOR RELIEF

### (Battery Under New York Law)

55. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

56. Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiffs without privilege or consent.

## TENTH CLAIM FOR RELIEF

### (Malicious Prosecution Under New York Law)

57. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

58. Defendants, acting in concert and within the scope of their authority, caused plaintiffs to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiffs' favor.

## ELEVENTH CLAIM FOR RELIEF

### (*Respondeat Superior* Liability Under New York Law)

59. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

60. The defendant City is vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## TWELFTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Law)

61. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

62. The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## THIRTEENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Law)

63. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth here in full.

64. The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

July 31, 2015

Respectfully submitted,

_____
STEPHEN W. EDWARDS, ESQ.
100 Ocean Parkway, Suite #2B
Brooklyn, New York 11201
917-992-7508
stephenedwardsatty@gmail.com
*Attorney for Plaintiffs*

## VERIFICATION

I, ELIZABETH OHUCHE, being duly sworn, hereby depose and say:

I have read the foregoing Complaint and it is true to the best of my knowledge, except as to those items stated to be on information and belief, and as to those items I believe them to be true.

Elizabeth Ohuche

Sworn to before me this
28th day of July, 2015.

Notary Public ( Co.)
Commission #:
LORRAINE RAPHAEL
NOTARY PUBLIC STATE OF NEW YORK
NO. 01RA6217552
QUALIFIED IN THE COUNTY OF NEW YORK
COMMISSION EXPIRES FEBRUARY 16, 2018

Commission Expires:

VERIFICATION

I, AGNES OHUCHE, being duly sworn, hereby depose and say:

I have read the foregoing Complaint and it is true to the best of my knowledge, except as to those items stated to be on information and belief, and as to those items I believe them to be true.

*Agnes Ohuche*

Sworn to before me this
28th day of July, 2015.

Notary Public ( Co.)
Commission #:
Commission Expires:
CHARMAINE RAPHAEL
NOTARY PUBLIC STATE OF NEW YORK
NO. 01RA6217652
QUALIFIED IN THE COUNTY OF NEW YORK
COMMISSION EXPIRES FEBRUARY 15, 2018